In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01095-CR

NO. 01-01-01096-CR

NO. 01-01-01097-CR

____________


BARNEY DAVID STEINBERG, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court 

Harris County, Texas

Trial Court Cause Nos. 865621, 865562, 873551

 




O P I N I O N


 Appellant, Barney David Steinberg, pled guilty without an agreed
recommendation to one indictment alleging possession with intent to deliver between
four and 200 grams of methamphetamine, (1) a second indictment alleging possession
with intent to deliver between four and 200 grams of 3,4-methylenedioxy
methamphetamine, (2) and a third indictment alleging delivery of between 200 and 400
grams of methamphetamine. (3) The trial court assessed punishment at 25 years in
prison in each cause and assessed a $1,000 fine only in the third cause. We consider
whether trial counsel was ineffective at the punishment phase for not objecting to
certain officers' statements in the pre-sentence investigation (PSI) report. We affirm.

Background

 Appellant was arrested on December 14, 2000 for delivery of the 220 grams of
methamphetamine. Appellant agreed to be a confidential informant for the Drug
Enforcement Agency (DEA) in exchange for the dropping of all charges against him
if he cooperated. Nevertheless, upon executing a search warrant on January 8, 2001,
officers found appellant in possession of methamphetamine and 3,4-methylenedioxy
methamphetamine. Accordingly, the plans to use appellant as an informant were
dropped, and he was charged in three indictments for all three drug offenses.

 After appellant pled guilty to the three offenses, the trial court deferred a
finding of guilt and reset the hearing for a PSI report to be prepared. At the time of
appellant's plea, the trial court instructed appellant that he could present witnesses
and submit documents at the punishment hearing.

 At that hearing, the trial court received the PSI report, which attached
appellant's statement and three letters of reference in support of his motion for
community supervision, and appellant testified on his own behalf. After the hearing,
the trial judge found appellant guilty of all three offenses and assessed punishment.

Ineffective Assistance of Counsel


 In his sole issue, appellant argues trial counsel was ineffective at the
punishment stage for not objecting to officers' statements, in the PSI report, that (1)
contained hearsay and (2) recommended that appellant receive the maximum
punishment.

A. Standard of Review and Burden of Proof

 To prevail on his claim of ineffective assistance of counsel, appellant has the
burden to show by a preponderance of the evidence that (1) counsel's performance
fell below the objective standard of professional norms and (2) but for counsel's
errors, there is a reasonable probability that the proceeding's result would have been
different. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)
(two-part standard); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (two-part standard; appellant's burden); Hernandez v. State, 988 S.W.2d 770, 770, 774
(Tex. Crim. App. 1999) (holding Strickland standard applies at punishment stage). 
There is a strong presumption that counsel's challenged action was sound trial
strategy. Bone, 77 S.W.3d at 833. We review the denial of appellant's new trial
motion, based entirely on ineffectiveness of counsel, for abuse of discretion. 
Melancon v. State, 66 S.W.3d 375, 378, 378 n.3 (Tex. App.--Houston [14th Dist.]
2001, pet. filed).

B. Hearsay

 Appellant complains his counsel was ineffective for not objecting to Houston
Police Department Officer A. Vanderberry's PSI statements because they were
unsubstantiated hearsay. Specifically, appellant complains of the following
statements by Officer Vanderberry: appellant used topless dancers to sell drugs; he
was regularly seen with several nude girls in his apartment; he was a "con man"; he
was one of the top two dealers of methamphetamine and ecstasy in Houston; he was
well known on the street; his apartment had been burglarized many times by people
looking for drugs; and he had been found in his apartment, bound and with duct tape
covering his mouth, several times. 

 At the hearing on appellant's motion for new trial, his trial counsel was asked
to explain why he did not object to the hearsay statements by the officers in the PSI
report. After an initial claim of lack of opportunity to object, trial counsel explained
that he and appellant planned in advance to "go through" each and every hearsay
statement during appellant's testimony. Trial counsel also stated that he and
appellant together believed that the best tactical move was for appellant to testify and
refute the statements. When asked why he did not call the officers to testify, trial
counsel explained that he had talked to Officer Vanderberry and his partner and had
found out how they had come up with the statements. Trial counsel testified that he
believed that the statements were objectionable. Based on this record, the trial court
could have concluded that trial counsel's failure to object to the hearsay statements
of Vanderberry was the result of trial strategy. See Jensen v. State, 66 S.W.3d 528,
543-44 (Tex. App.--Houston [14th Dist.] 2002, no pet.) (holding trial counsel's
explanation of strategy, though different from appellate counsel's suggested strategy,
sufficiently supported trial court's denial of motion for new trial based on ineffective
assistance of counsel).

 We overrule this part of appellant's issue.


 Punishment Recommendation


 In the remainder of his issue, appellant complains his trial counsel was
ineffective for not objecting to Officer Vanderberry's and DEA Agent Paris's one-sentence recommendations that the trial court assess the maximum punishment. 
Rather than objecting, trial counsel rebutted these statements with appellant's denial
of the supporting facts and argued for community supervision. At the new trial
hearing, trial counsel testified that he believed the officers' punishment
recommendations were objectionable, but nonetheless did not object.

 Assuming without deciding that the officers' punishment recommendations
were objectionable, we hold appellant has not shown a reasonable probability that the
proceeding's outcome would have been different had counsel objected. See
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833. First, the
trial court did not take the officers' recommendation to assess the maximum
punishment: instead, the trial court assessed punishment at 25 years for each offense, (4)
and a $1,000 fine for only one offense, when the maximum penalty for each offense
was far higher. (5) Second, the evidence of appellant's guilt was overwhelming, given
his guilty pleas and judicial confessions. Third, appellant's own PSI statement
recounts that he had been a drug dealer since what appears to be not long after he
arrived in Houston in 1998. Fourth, appellant was arrested for the drug offenses
charged in the first and second indictments within a month of his having been
arrested, and agreeing to work with the DEA in exchange for leniency, for a similar
drug offense. (6) Fifth, the PSI report revealed that, within three months after
appellant's two January 8, 2001 drug offenses, he was arrested twice more for
delivery of drugs (one state jail felony and one first degree felony) and once more for
drug possession (a state jail felony) and that charges were pending for these offenses. (7) 
Sixth, appellant admitted in his PSI interview to pleading no contest to one charge of
drug-paraphernalia possession in Florida some time in the past.

 Given the above, and even assuming without deciding that trial counsel was
deficient, we hold appellant did not carry his burden of showing the proceeding's
outcome would have differed had trial counsel objected. See Strickland, 466 U.S. at
687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833.

 We overrule the remainder of appellant's issue.

 Conclusion


 We affirm the judgment of the trial court.





 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (8)


Do not publish. Tex. R. App. P. 47.4.
1. Trial court cause no. 865621, appellate cause no. 01-01-01095-CR.
2. Trial court cause no. 865562, appellate cause no. 01-01-01096-CR.
3. Trial court cause no. 873551, appellate cause no. 01-01-01097-CR.
4. The trial court actually followed the prosecutor's recommendation of 25 years.
5. The punishment range for possession with intent to deliver four to 200 grams
of methamphetamine (trial court cause no. 865621) and of 3,4-methylenedioxy
methamphetamine (trial court cause no. 865562), each a first degree felony, is
five to 99 years and an optional fine up to $10,000, but appellant received only
25 years in prison for each offense. See Tex. Health & Safety Code Ann.
§§ 481.102(6), 481.103(a)(1), 481.112(d), 481.113(d) (Vernon Supp. 2002);
Tex. Pen. Code Ann. § 12.32 (Vernon 1994). The punishment range for
delivery of 200 to 400 grams of methamphetamine (trial court cause no.
873551), a first degree felony, was 10 to 99 years in prison and a mandatory
fine of up to $100,000, but appellant received only 25 years in prison and a
$1,000 fine. See Tex. Health & Safety Code Ann. §§ 481.102(6),
481.112(e) (Vernon Supp. 2002).
6. Appellant claimed that he committed the January offense because he had no
one to "set up," he needed to stay credible in the drug community, and he had
no other means of income. The credibility of this testimony was for the trial
court to assess. See Johnson v. State, 23 S.W.3d 1, 8-9 (Tex. Crim. App.
2000).
7. At the punishment hearing, appellant testified that he had never been convicted
of a felony or placed on adult community supervision in any state. Even so, he
still had three charges pending for drug offenses at the time of the PSI report's
making, at least one of which offenses was a first degree felony (delivery of
over 400 grams of a Penalty Group I drug) carrying a punishment range of 15
to 99 years or life in prison and a mandatory fine of up to $250,000. See Tex.
Health & Safety Code Ann. §§ 481.102, 481.112(f) (Vernon Supp. 2002).
8. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.